**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 3:17CR 49** |
| | ) | **EVIDENTIARY HEARING REQUESTED**. |
| PATRICK FALTE | ) | |

**PETITIONER'S REPLY MEMORANDUM TO THE RESPONSE
MEMORANDUM OF THE RESPONDENT UNITED STATES TO PETITIONER'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The Petitioner, Patrick Falte, by and through counsel, files his reply to the government's response to Mr. Falte's motion to vacate, set aside, or correct sentence. Mr. Falte requests an evidentiary hearing. Mr. Falte would state the following grounds for his request for relief in his § 2255 motion:

1.    Counsel provided ineffective assistance of counsel by failing to request a downward variance from the sex crime enhancement pursuant to U.S.S.G. § 4B1.5(b).

2.    The government violated Petitioner's constitutional right to Due Process under the Fifth Amendment and also violated the ABA Standards for the prosecution function, Standard 3-8.2 Appeals by taking an implicitly contrary position in Petitioner's direct appeal of his life sentence by moving to dismiss his appeal.

3.    Counsel failed to provide effective assistance of counsel by failing to investigate and argue for a downward variance from the sentencing guidelines for a head injury from falling off a retaining wall as a child as a sentencing factor pursuant to 18 U.S.C. § 3553(a).

4.    The trial court failed to provide sufficient explanation of its imposition of a life sentence rather than the thirty (30) year mandatory minimum sentence, or even the fifty (50) year sentence, as recommended by the defendant and government respectively. The sentence created an unwarranted disparity among defendants that committed equally or more egregious conduct within the district and/or nationally. Also, the court failed to provide sufficient explanation for the five level increase pursuant to U.S.S.G. § 4B1.5(B).

## STANDARD OF REVIEW

> A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence" pursuant to 28 U.S.C. § 2255. To obtain such relief, a petitioner bears [**19] the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief, a petitioner must prove the asserted grounds for relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion." *Blackledge v. Allison*, 431 U.S. 63, 74 n.4, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).

*Rowsey v. United States*, 71 F. Supp. 3d 585, 595 (E.D. Va. 2014).

"Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." *United States v. Frady*, 456 U.S. 152, 164, 102 S. Ct. 1584, 1592-93 (1982).

It is well settled that ineffective assistance of counsel claims should be raised in § 2255 motions. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

## FACTUAL ALLEGATONS

1. Counsel provided ineffective assistance of counsel by failing to request a downward variance from the sex crime enhancement pursuant to U.S.S.G. § 4B1.5(b).

Mr. Falte pled guilty to aggravated sexual abuse of a minor, in violation of 18 U.S.C. § 2241(c). He faced a mandatory minimum of thirty (30) years imprisonment and a maximum senence

of life imprisonment.  The government agreed pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure to recommend a sentence of no greater than 50 years of imprisonment.  Mr. Falte argued for a sentence of thirty (30) years imprisonment.  (Plea Agreement, Doc. 48, ¶ 6).

Mr. Falte received a five level offense enhancement for "engaging in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b); (PSR ¶ 46, Doc. 58; Sentencing Hearing Transcript, September 15, 2017, Docs. 66, 73).   This court applied this sentencing guideline enhancement, but stated "...then there is a five-point enhancement, which really is impossible to explain in words, but it is due to the nature of the crime in this case,...". Sentencing Hearing Transcript, September 15, 2017, Docs. 66, 73, p. 4).   This guideline enhancement increased Mr. Falte's offense level from a total offense level of 39 to the maximum offense level of 43.   Therefore, without the enhancement, Mr. Falte's final guideline range after the three level reductions for acceptance of responsibility would have been 262-327 months if the court had considered a variance. (P.S.R. ¶¶ 45-49).    With the § 4B1.5(b) enhancement, Mr. Falte's guideline range was life imprisonment.

Trial counsel failed to request a downward variance and/or departure from the five level guideline enhancement in this case.

2.      The government violated Movant's constitutional right to Due Process under the Fifth Amendment and also violated the ABA Standards for the prosecution function, Standard 3-8.2 Appeals by taking an implicitly contrary position in Movant's direct appeal of his life sentence by moving to dismiss his appeal.

The government agreed to recommend that the court sentence defendant to no greater than 50 years of imprisonment in the plea agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal procedure.  (Plea Agreement, Doc. 48, ¶ 6).  When Mr. Falte filed his direct appeal in

this case, the government filed a motion to dismiss for violation of his plea agreement. (United States Court of Appeals, Fourth Circuit, Case No. 17-4620, Doc. 26). The United States Court of Appeals, Fourth Circuit granted the government's motion to dismiss his appeal as to the validity of his plea agreement and the life sentence. (United States Court of Appeals, Fourth Circuit, Case No. 17-4620, Doc. 26). The Fourth Circuit found that Mr. Falte waived his right to appeal his conviction and his sentence. (United States Court of Appeals, Fourth Circuit, Case No. 17-4620, Doc. 26).

3.    Counsel failed to provide effective assistance of counsel by failing to investigate and argue for a downward variance from the sentencing guidelines for a head injury from falling off a retaining wall as a child as a sentencing factor pursuant to 18 U.S.C. § 3553(a).

    Trial counsel failed to investigate and argue for a downward variance from Mr. Falte's total offense level of 43 due to the head injury that he suffered as a child.

4.    The trial court failed to provide sufficient explanation of its imposition of a life sentence rather than the thirty (30) year mandatory minimum sentence, or even the fifty (50) year sentence, as recommended by the defendant and government respectively. The sentence created an unwarranted disparity among defendants that committed equally or more egregious conduct within the district and/or nationally. Also, the court failed to provide sufficient explanation for the five level increase pursuant to U.S.S.G. § 4B1.5(B).

    This trial court failed to give sufficient explanation for rejecting the parties' sentencing recommendation of between thirty (30 and fifty (50) years. The life sentence was unreasonable and resulted in an unwarranted disparity among defendants. The court failed to provide explanation of the five level increase pursuant to U.S.S.G. § 4B1.5(B).

## ARGUMENT

1.    Counsel provided ineffective assistance of counsel by failing to request a downward variance from the sex crime enhancement pursuant to U.S.S.G. § 4B1.5(b).

Trial counsel was ineffective in failing to request a downward variance from the five level enhancement pursuant to U.S.S.G. § 4B1.5(b) for a defendant "engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b); (PSR ¶ 46, Doc. 58; Sentencing Hearing Transcript, September 15, 2017, Docs. 66, 73).

The Sixth Amendment of the United States Constitution guarantees the right of a defendant to effective assistance of counsel in criminal cases.   U.S. Const. amend. VI, *Strickland v. Washington*, 466 U.S. 668, 685, 104 S. Ct. 2052, 2063 (1984).

For a defendant "to succeed on a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness (the performance prong); and (2) the deficient representation prejudiced the defendant (the prejudice prong).  *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017), citing *Strickland* at 687-88. "The performance prong is satisfied when counsel provides reasonably effective assistance, including demonstrating legal competence, doing relevant research, and raising important issues. *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017).

As Mr. Falte argued in his appellate brief, that "a life sentence is the second most severe penalty permitted by law."  *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S. Ct. 2680, 2705 (1991); (United States Court of Appeals, Fourth Circuit, Case No.  17-4620, Doc. 19, p. 37).

Trial counsel requested a below guideline sentence in accordance with the parties' plea agreement as  variance from the guidelines, but did not request a specific variance and/or guideline departure from the application of U.S.S.G. § 4B1.5(b).

In another similar case, the district court in the Western District of Virginia granted a variance in on child pornography case from the application of § 4B1.5(b)(1), even though the

5

guideline was applicable by considering the § 3553(a) factors.

> My concern is not that applying both the § 4B1.5(b)(1) and § 2G2.2(b)(5) enhancements constitutes "impermissible double counting" (because, as I have already explained, it does not). I do indeed feel that, without the imposition of the § 4B1.5(b)(1) enhancement, the enhancements from which Defendant's subtotal offense level of 39 were derived sufficiently account for his offense conduct; however, there is nothing "impermissible" about the application of the § 4B1.5(b)(1) enhancement in this case. Accordingly, I found that Defendant's total offense level is 44, which includes the § 4B1.5(b)(1) enhancement.

> Nonetheless,  I concluded that, considering the factors listed in 18 U.S.C. § 3553(a), "I think it is appropriate not to consider [the § 4B1.5(b)(1) enhancement] in the sentence." I am statutorily bound to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a) (emphasis added). I have attempted here, using as my starting point the guideline range resulting from a total offense level of 44, to "make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445(2007)....

> These  are serious offenses for which Defendant deserves to be punished. Nonetheless, I must consider the facts of the offenses in context. In my view, given the nature and circumstances of the offenses and the history and characteristics of the defendant, the sentence of **276 months, followed by a lifetime of supervised release, is sufficient to reflect the seriousness of the offenses and justly punish him. See 18 U.S.C. §§ 3553(a)(1) & (a)(2)(A). Defendant obviously merits a long incarceration, and he needs mental health treatment and counseling. However, he has no prior criminal history. He has a strong work and military history. He immediately cooperated in the investigation and provided authorities with the information necessary to further their investigation, in particular with regard to his conduct with the two children and their identities.**

*United States v. Bruffy*, No. 6:11CR00006-1, 2012 U.S. Dist. LEXIS 41299, at *12-18 (W.D. Va. Mar. 26, 2012).  **(Emphasis in bold).**

The Fourth Circuit held that "4B1.5(b)(1) aims not merely to punish a defendant for the specific characteristics of the offenses of conviction, as does § 2G2.2(b)(5), but to allow a district court to impose an enhanced period of incarceration because the defendant presents a continuing danger to the public." *United States v. Dowell*, 771 F.3d 162, 171 (4th Cir. 2014);  (upholding

6

Defendant's 960 month sentence).

The application of both Guidelines sections § 2G2.2(b)(5) and 4B1.5(b)(1), does not constitute impermissible double counting.  *United States v. Dowell*, 771 F.3d 162, 171 (4th Cir. 2014).

Mr. Falte's § 3553 factors are very similar to Defendant in *Bruffly.* Mr. Falte not only had mental health factors like Defendant Bruffly, but physical health factors as well.  Furthermore, Mr. Falte presumably would not pose a continuing danger to the public if released at close to sixty (60) years of age even if he had even just received the mandatory minimum sentence.

Mr. Falte's trial counsel was ineffective in not advocating for a variance from the 4B1.5(b)(1) guideline enhancement.  This is even more significant when the court described the enhancement as "really impossible to explain in words."   (Sentencing Hearing Transcript, September 15, 2017, Docs. 66, 73, p. 4).  Trial counsel should have argued that because the application of §4B1.5(b)(1) is so harsh and results in a lifetime minimum guideline sentence, the court should not have applied it to Mr. Falte's case.

Trial counsel did not argue that application of § 4B1.5(b)(1) would create an unwarranted disparity between Mr. Falte and similarly situated defendants that committed even more egregious conduct.

The government's rote motion for a downward variance/departure request to a fifty (50) year sentence prior to the sentencing hearing should have alerted trial counsel that rejection of the parties' sentencing recommendation was more likely than if the government would have advocated more forcefully for even the fifty (50) year sentence.

For these reasons, trial counsel's failure to request a downward variance from the application

of §4B1.5(b)(1) fell below the objective standard of reasonableness.  Mr. Falte's agreement was  no more beneficial to him  than if he had pled guilty without a plea agreement facing a guideline sentence of life imprisonment.  The failure  of trial counsel to raise this important issue was extremely prejudicial to Mr. Falte in resulting in a life sentence.   Moreover, Mr. Falte waived his right to appellate review of his substantively unreasonable life sentence.

Mr. Falte waived his right to appeal a sentence outside of the parties' recommendation.  If this were a non-negotiable requirement of the government for Mr. Falte's acceptance of the plea agreement, then it was even more important that trial counsel argue for the downward variance from application of  §4B1.5(b)(1).

2.     The government violated Petitioner's  constitutional right to Due Process under the Fifth Amendment and also violated the ABA Standards for the prosecution function, Standard 3-8.2 Appeals by taking an implicitly contrary position in Petitioner's direct appeal of his life sentence by moving to dismiss his appeal.

The prosecutor has a role to seek justice and seek to respect the constitutional and legal rights of all persons.

(b) The primary duty of the prosecutor is to seek justice within the bounds of the law, not merely to convict. The prosecutor serves the public interest and should act with integrity and balanced judgment to increase public safety both by pursuing appropriate criminal charges of appropriate severity, and by exercising discretion to not pursue criminal charges in appropriate circumstances. The prosecutor should seek to protect the innocent and convict the guilty, consider the interests of victims and witnesses, and respect the constitutional and legal rights of all persons, including suspects and defendants.

The American Bar Association, Criminal Justice Standard for the Prosecution Function, Rule 3-1.2(b), Functions and Duties of the Prosecutor

The American Bar Association, Criminal Justice Standard for the Prosecution Function, Rule 3-8.2(b), Appeals (June 20, 2016) suggests some general principles for prosecutors for appellate

practice which states as follows:

Standard 3-8.2 Appeals -- General Principles

> (b) When the prosecutor receives an adverse ruling, the prosecutor should consider whether it may be appealed. If the ruling may be appealed, the prosecutor should consider whether an appeal should be filed, and refer it to an appellate prosecutor if appropriate for decision.

The duty to defend a conviction under the ABA, Criminal Justice Standard for the Prosecution Function, Rule 3-8.1 is also not absolute.

Standard 3-8.1 Duty To Defend Conviction Not Absolute

> The prosecutor has a duty to defend convictions obtained after fair process. This duty is not absolute, however, and the prosecutor should temper the duty to defend with independent professional judgment and discretion. The prosecutor should not defend a conviction if the prosecutor believes the defendant is innocent or was wrongfully convicted, or that a miscarriage of justice associated with the conviction has occurred.

In this case, the government moved to dismiss Mr. Falte's appeal arguing that Mr. Falte breached the plea agreement in filing his appeal because he agreed to waive the appeal of any sentence within the statutory maximum, which was life imprisonment.  Mr. Falte appealed the life sentence, among other issues.  The government filed a motion to dismiss the appeal, arguing that Mr. Falte had waived his appellate rights to appeal his life sentence.

The government was not under any obligation to enforce the appellate waiver.  In fact, the sentence exceeded the government's own recommendation.   The government was not under any obligation to move to dismiss Mr. Falte's appeal of his life sentence.

The above-mentioned ABA Standards do not even require prosecutors to defend convictions if there is a miscarriage of justice associated with the conviction.   Mr. Falte

contends that his life sentence was a miscarriage of justice.

The government could have elected not to take any position on the sentencing issue on direct appeal.

Mr. Falte contends that the government improperly defended the substantively unreasonable life sentence in this case, which was in excess of even the government's recommendation. The government took an implicitly inconsistent position that Mr. Falte's sentence was reasonable. At the least, the spirit, if not the letter of the above-mentioned ABA Standards for prosecutors were violated. These acts also violated Mr. Falte's right to judicial review of his sentence on direct appeal.

3.      Counsel failed to provide effective assistance of counsel by failing to investigate and argue for a downward variance from the sentencing guidelines for a head injury from falling off a retaining wall as a child as a sentencing factor pursuant to 18 U.S.C. § 3553(a).

In light of the government's under seal filing, Mr. Falte withdraws this ground from specific consideration. (Government's Response, Doc. 86). Mr. Falte does argue that this issue is relevant to the court's overall consideration as the history and characteristics of Mr. Falte to the extent it was raised.

4.      The trial court failed to provide sufficient explanation of its imposition of a life sentence rather than the thirty (30) year mandatory minimum sentence, or even the fifty (50) year sentence, as recommended by the defendant and government respectively. The sentence created an unwarranted disparity among defendants that committed equally or more egregious conduct within the district and/or nationally. Also, the court failed to provide sufficient explanation for the five level increase pursuant to U.S.S.G. § 4B1.5(B).

A sentence may be presumed reasonable that is within or below a properly calculated guideline range. *United States v. Raby*, 575 F.3d 376, 381 (4th Cir. 2009).

[A] defendant can only rebut the presumption by demonstrating that the sentence is

unreasonable when measured against the § 3553(a) factors." *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006). HN26 Section 3553(a) requires a district court to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of the statute, considering, inter alia:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

. . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

*United States v. Dowell*, 771 F.3d 162, 176 (4th Cir. 2014).

The sentencing recommendations of the parties met all of the § 3553 factors and considered all of the individualized history and characteristics of Mr. Falte.  The court denied the motion stating that the other factors outweigh the motion for variance without giving explanation as to why.   The trial court gave much weight to the need to protect the public and specific deterrence, but gave little deference to the parties' variance requests and the individualized history and characteristics of Mr. Falte.  Mr. Falte's history and characteristics were addressed in only a cursory fashion.

The life sentence of Mr. Falte resulted in an unreasonable sentencing disparity.  The Fourth Circuit has upheld a 97 month sentence in a case where the district court found it to be "'one of the

most egregious instances that's ever come before me as a judge,' and determined that a sentence at the  top of the Guidelines range was appropriate." *United States v. Bowling*, 654 F. App'x 127, 127-28 (4th Cir. 2016).

The Fourth Circuit has found that the uncontroverted evidence shows that defendants with a Criminal History Category I who were sentenced under U.S.S.G. § 2G1.1, like Mr. Falte,  received an average sentence of 309 months' imprisonment and a median sentence of 240 months' imprisonment. *United States v. Zuk*, 874 F.3d 398, 412 (4th Cir. 2017).  Mr. Falte's life sentence far exceeded the average and the median sentences of similarly situated defendants.

## CONCLUSION

For these reasons, Petitioner Falte requests that this court vacate his sentence and grant him a new sentencing hearing.  Mr. Falte further requests and evidentiary hearing on the matter.

Respectfully submitted this 25th day of November, 2019.

s/ Charles Richard Samuels
Charles R. Samuals, Attorney at Law, PLLC
4908 Monument Ave
Suite 100
Richmond, VA 23230
(804) 342-1995
Email: Crsamuels@gmail.com


s/ Charles D. Buckholts
Charles D. Buckholts, B.P.R. #019318
Attorney for Defendant
40 Burton Hills Blvd., Suite 200
Nashville, TN 37215
(615) 386-7118
(615) 887-8037 (mobile)
Email: chuck@buckholtslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of November, 2019, I electronically filed the foregoing Reply to the Memorandum of the United States in Response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence with the Clerk for the Eastern District of Virginia using the CM/ECF system, who will send notification of such filing to counsel of record.

s/ Charles Richard Samuels
Charles R. Samuels, Attorney at Law, PLLC
4908 Monument Ave
Suite 100
Richmond, VA 23230
(804) 342-1995
Email: Crsamuels@gmail.com

13