IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PATRICK FALTE,
          Petitioner.
v.                                                                     Criminal No. 3:17cr49

UNITED STATES OF AMERICA,
          Respondent.

**MEMORANDUM OPINION**

Defendant Patrick Falte moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 82.) The United States responded in opposition, and Falte replied. For the reasons that follow, the Court will deny the Motion to Vacate.

**I. PROCEDURAL HISTORY**

On May 4, 2017, Falte was charged in a one-count criminal complaint with aggravated sexual abuse of a minor with a person under 12 years of age, in violation of 18 U.S.C. § 2241(c). On May 10, 2017, he pleaded guilty to that charge. As part of his plea agreement, Falte admitted to the facts in a Statement of Facts the parties filed with his plea agreement. In the Statement of Facts, Falte admitted that around October 1, 2016, he crossed state lines and traveled to the Eastern District of Virginia "for the purpose of sexually abusing a four-year-old minor there." (ECF No. 49, at 1.) Falte had "previously communicated with the minor's adult custodian through an online chat program and agreed upon [his] visit for this purpose." (*Id.*) Falte also admitted that he had done the same thing "[o]n at least other two [sic] occasions between the fall of 2015 through July 2016." (*Id.* at 2.)

On September 15, 2017, the Court sentenced Falte to life imprisonment. (ECF. No. 67, at 2.) Falte appealed, "questioning whether Falte knowingly and voluntarily entered his guilty plea and whether the court imposed an unreasonable sentence." (ECF. No. 76, at 2.) Finding that

1

Falte had waived the right to appeal in his plea agreement, the United States Court of Appeals for the Fourth Circuit "dismiss[ed] the appeal in part and affirm[ed] the district court's judgment as to any issue not precluded by the appeal waiver." *United States v. Falte*, 724 F. App'x. 228, 229 (4th Cir. 2018) (Mem.). On August 19, 2019, Falte filed the Motion to Vacate.

The Motion to Vacate raises four grounds for relief:

Ground One: "Trial Counsel failed to provide effective assistance of counsel to [Falte] by failing to request a downward variance from the sex crime enhancement pursuant to USSG Section 4B1.5(b), which was consistent with the parties' plea agreement." (ECF No. 82, at 4.)

Ground Two: "The government violated [Falte's] constitutional rights to Due Process under the Fifth Amendment and also violated the ABA Standards for the prosecution function, Standard 3.8.2 Appeals by taking an implicitly contrary position in [Falte's] direct appeal of his life sentence by moving to dismiss his appeal instead of joining it." (*Id.* at 5.)

Ground Three: "Trial counsel failed to provide effective assistance of counsel to [Falte] by failing to argue for a downward variance from the sentencing guidelines for a head injury from falling off of a retaining wall as a child as a sentencing factor pursuant to 18 U.S.C. Section 3553(a)."[1] (*Id.* at 7.)

Ground Four: "The life sentence imposed by the trial court is both procedurally and substantively unreasonable." (*Id.* at 8.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may challenge the legality of his sentence on four bases: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise

---

[1] Falte withdraws this ground in his reply brief. (ECF. No. 89, at 10.)

2

subject to collateral attack."[2] 28 U.S.C. § 2255(a). "A [§ 2255 movant] bears the burden of proving one of those grounds by a preponderance of the evidence." *Beyle v. United States*, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017).

A prisoner can prove a constitutional violation under § 2255 by demonstrating that he received ineffective assistance of counsel in violation of the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("[T]he [Sixth Amendment] right to counsel is the right to the *effective* assistance of counsel." (emphasis added)). To succeed on an ineffective assistance claim, the movant must satisfy two elements. First, he must show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy this first prong—the performance prong—the movant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689).

Second, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. When, as here, a § 2255 movant alleges ineffective assistance of counsel during sentencing, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the [sentence] would have been different." *Bowie v. Branker*, 512 F.3d 112, 120 (4th Cir. 2008) (alteration in original). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

### III. DISCUSSION

#### A. Ground One: Ineffective Assistance of Counsel at Sentencing

---

[2] "A § 2255 motion is, in essence, a statutory federal habeas corpus action that enables a petitioner to collaterally attack his sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal." *Good v. United States*, No. 2:17-cv-313, 2018 WL 2976984, at *2 (E.D. Va. June 12, 2018).

3

In Ground One, Falte argues that his trial counsel failed to provide effective assistance of counsel "by failing to request a downward variance from the sex crime enhancement pursuant to USSG Section 4B1.5(b), which was consistent with the parties' plea agreement." (ECF. No. 82, at 4). Falte also asserts that without the enhancement his total offense level would be 39, instead of 43 (the maximum offense level possible), and his guidelines range would have been 262 to 327 months' imprisonment, instead of 360 months to life.

The Court need not determine whether Falte's counsel performed deficiently because, even assuming she did, Falte cannot establish prejudice. He cannot show that, had his counsel requested a downward variance from the sex crime enhancement, he would have received a different sentence. *See Bowie*, 512 F.3d at 120.

First, the enhancement clearly applies in Falte's case. The United States Sentencing Guidelines impose a five-level enhancement to the offense level in certain cases in which "the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b). In the Statement of Facts submitted with his plea agreement, Falte acknowledged that at least two times other than the time to which he pleaded guilty, he "traveled from outside of the Commonwealth of Virginia for the purpose of sexually abusing the same minor," and each time "engaged in sexual acts, as defined in 18 U.S.C. § 2246(2), and production of child pornography with the minor." (ECF No. 49, at 2.) Therefore, even if Falte's counsel had challenged application of the enhancement, that challenge would have failed.

Second, the record indicates that the Court would not have granted a variance on that basis even if Falte's counsel had sought one. That much is clear for several reasons. For one thing, the Court denied the variance Falte's counsel requested at sentencing, finding that "the other facts in the case outweigh the motion for variance." (*Id.* at 29.) The Court also imposed a

4

sentence *above* the within-guidelines sentence the United States recommended. Thus, the record indicates that the Court would have been unaffected by a request for a lower sentence based on a different reason.

Further, the Court's discussion of the 18 U.S.C. § 3553(a) sentencing factors at sentencing shows that it found a sentence of life imprisonment appropriate. In imposing its sentence, the Court found that "of all of the 3553 factors, the nature and circumstances of the offense and the need to protect the public are clearly the most important." (ECF No. 74, at 27.) The Court described Falte's offense as "just terrible. It is horrible." (*Id.* at 23.) It later characterized his conduct as "unacceptable and awful." (*Id.* at 26.) The Court also noted that the victim "is the one who has a life sentence in this case." (*Id.*) And as to the need to protect the public, the Court stated that it would be "just unconscionable to put Mr. Falte in a place to do anything like this again." (*Id.* at 27.)

In sum, nothing in the record supports the conclusion that the Court would have imposed a different sentence if Falte's counsel had requested a downward variance based on application of the sex crime enhancement. Falte cannot show prejudice, so Ground One fails.[3]

### B. *Ground Two: Due Process Violation*

In Ground Two, Falte argues that "[t]he government violated [his] constitutional right to Due Process under the Fifth Amendment and also violated the ABA Standards for the prosecution function, Standard 3.8.2 Appeals by taking an implicitly contrary position in

---

[3] In Ground Three, Falte argued that his counsel failed to provide adequate assistance by failing to argue for a downward variance based on a head injury Falte allegedly received as a child. (*See* ECF No. 82, at 7.) Falte withdrew this ground for relief in his reply brief. (*See* ECF No. 89, at 10.) Even if Falte had not withdrawn it, Ground Three fails for the same reason as Ground One. Even assuming counsel performed deficiently, Falte does not show a reasonable probability that he would have received a different sentence if his counsel had sought a variance based on his alleged head injury. *See Bowie*, 512 F.3d at 120.

5

[Falte's] direct appeal of his life sentence by moving to dismiss his appeal instead of joining it." (ECF. No. 82, at 5.) This argument fails.[4]

In his plea agreement, Falte "waived the right to appeal the conviction and any sentence within the statutory maximum." (ECF. No. 48, at 3.) The statutory maximum for Falte's crime of conviction was life imprisonment. *See* 18 U.S.C. § 2241(c). When Falte appealed, the United States sought to enforce this term of the plea agreement, and it moved to dismiss the appeal. The United States Court of Appeals for the Fourth Circuit determined that "the appeal waiver contained in Falte's plea agreement is valid, as he entered it knowingly and intelligently," and it dismissed Falte's appeal. *Falte*, 724 F. App'x. at 229 (citing *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

The United States did not violate Falte's due process rights; it sought only to enforce Falte's plea agreement. For these reasons, Ground Two fails.

### C. *Ground Four: Reasonableness of Falte's Sentence*

In Ground Four, Falte argues that his sentence was procedurally and substantively unreasonable. Specifically, he contends:

> The trial court failed to provide sufficient explanation of its imposition of a life sentence rather than the thirty (30) year mandatory minimum sentence, or even the fifty (50) year sentence, as recommended by the defendant and government respectively. The sentence created an unwarranted disparity among defendants that committed equally or more egregious conduct within the district and nationally. Also, the court failed to provide sufficient explanation for the five level increase pursuant to USSG Section 4B1.5(B).

(ECF. No. 82, at 8.)

---

[4] Falte argues that the American Bar Association, Criminal Justice Standard for the Prosecution Function, Rule 3-1.2(b), Rule 3-8.2(b), and Rule 3-8.1 "do not even require prosecutors to defend convictions if there is a miscarriage of justice associated with the conviction," and he contends that his life sentence was a miscarriage of justice." (ECF No. 82, at 9–10.) He also asserts that the prosecutor's actions "violated Mr. Falte's right to judicial review of his sentence on direct appeal." (ECF. No. 89, at 10). These arguments fail.

6

Falte has procedurally defaulted Ground Four by failing to raise it on appeal.[5] "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (cleaned up). In order to collaterally attack a sentence based on errors that could have been but were not pursued on direct appeal, Falte must establish both cause and prejudice. *Breard v. Pruett*, 134 F.3d 615, 620 (4th Cir. 1998). In general, "cause" refers to some "objective factor external to the defense [that] impeded counsel's [or petitioner's] efforts to comply with the . . . procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999) (quotations omitted). "Prejudice" requires a showing that the alleged trial error not only "created a *possibility* of prejudice" but that it "worked to [the petitioner's] '*actual* and substantial disadvantage." *McCarver v. Lee*, 221 F.3d 583, 592 (4th Cir. 2000).

Falte does not even attempt to establish cause for his procedural default, and for the reasons stated in Ground One, he cannot establish prejudice.[6] He has therefore procedurally defaulted Ground Four.[7]

---

[5] *See e.g., United States v. Linder*, 552 F.3d 391, 392 (4th Cir. 2009) (finding that the defendant "simply may not avoid the consequences of his knowing and voluntary appeal waiver and our prior judgment by re-raising his . . . claim on collateral review.).

[6] The cases that Falte points to in support of his argument that his life sentence "resulted in an unreasonable sentencing disparity" are inapposite. (ECF No. 89, at 10.) In crafting a sentence, courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records *who have been found guilty of similar conduct*." 18 U.S.C § 3553(a)(6) (emphasis added). The cases Falte cites involve defendants convicted of different crimes than Falte.

[7] Even if he had not procedurally defaulted Ground Four, that claim fails on the merits. Falte's within-Guidelines sentence of life imprisonment was presumptively reasonable, and Falte does not rebut that presumption. *See United States v. Dowell*, 771 F.3d 162, 176 (4th Cir. 2014) ("A sentence within a properly calculated advisory Guidelines range is presumptively reasonable. A defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." (cleaned up)).

7

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Falte's Motion to Vacate. (ECF No. 82.)

The Court will not issue a certificate of appealability.[8]

An appropriate Order will issue.

Date: 2 September ~~August~~ 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[8] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Falte fails to meet this standard.

8